# `UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA      )
                                       )
v.                                 )            NO. 3:17-CR-103
                                       )
SERGIO HUMBERTO ARREOLA      )

## MEMORANDUM AND ORDER

This matter is before the court on defendant's pro se motion for compassionate relief pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 41].  In support of his motion, defendant states he filed a "Compassionate Relief Request" with the Bureau of Prisons (BOP) which was denied.  If released, defendant avers he "has a plan for housing, transportation, food, medical care and employment."

Defendant pleaded guilty to possessing a firearm and ammunition after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).  He was sentenced to 72 months imprisonment, followed by 3 years supervised release on November 7, 2018.  He is presently scheduled to be released from federal custody on December 23, 2022.

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). this section allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons."  Such motions cannot be entertained by a district court until "after the defendant has fully exhausted all administrative rights to

appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Here, defendant states his request for a reduction in sentence/compassionate release has been denied by the BOP but he has not filed an administrative appeal of the denial. Thus, defendant has not complied with the requirement that he exhaust his administrative remedies with the BOP. The BOP has outlined the administrative appeal process. *See* Program Statement No. 5050.50, *Compassionate release/Reduction in Sentence: Procedures for implementation of 18 U.S.C. § 3582 and 4205(g) (Jan. 17, 2019),* https://www.bop.gov/policy/progstat/5050_050_EN.pdf. The BOP Program Statement explains that a prisoner seeking a compassionate release must first file a request with the warden asking the BOP to move for compassionate release on the prisoner's behalf. *See id.* at 3 (citing 28 C.F.R. § 571.61). If that request is denied, the prisoner must appeal the denial through the BOP's Administrative Remedy Procedure. *See id.* at 15 (citing 28 C.F.R. § 571.63).

Even during the COVID-19 pandemic, the exhaustion requirement of § 3582(c)(1)(A) cannot be summarily disregarded. *See United States v. Alam,* 2020 WL 2845694 (6th Cir. Jun. 2, 2020) ("Because this exhaustion requirement serves valuable purposes (there is no other way to ensure an orderly processing of applications for early release) and because it is mandatory (there is no exception for some compassionate release requests over others), we must enforce it"). Consequently, the Court cannot weigh the

merits of defendant's motion for compassionate release until the exhaustion requirement of § 3582(c)(1)(A) is fully satisfied.

While it sympathizes with the defendant's concerns, the Court lacks authority to consider the present motion. Accordingly, defendant's motion for compassionate relief [Doc. 41] is **DENIED without prejudice**.

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**